# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

AMANDA U. AJULUCHUKU,           )
                                )
            Plaintiff,          )
                                )           1:07CV103
      v.                        )           **ORDER**
                                )
                                )
JUSTUS NNAKWE,                  )
                                )
            Defendant.          )

      This matter is before the court on Plaintiff's application to proceed *in forma pauperis* (IFP).  For the reasons which follow, the court will require Plaintiff to appear in Durham before deciding the IFP question.

      Plaintiff proposes to file claims against Justus Nnakwe (Justus), a man she says is the father of her son.  She claims to have been injured, physically and emotionally, by Justus in several respects.  Nevertheless, it appears from the face of the proposed complaint that any injury she suffered occurred in the State of New York, and that Justus lives in New York State.  Be that as it may, she asserts claims for violations of the Americans With Disabilities Act and the Federal Tort Claims Act, civil rights and other violations as well.  This court has reason to question whether it has or could obtain personal jurisdiction over Justus Nnakwe.  More important, however, Plaintiff has been a frequent litigator in several federal district courts, and at least some of her allegations here mirror allegations in those other courts.  For example, she says here that she is seeking to recover $9 trillion dollars, the same

Dockets.Justia.com

amount she sought in a suit against Wachovia Corporation in Dallas, Texas. *See Ajuluchuku v. Wachovia Corp.*, No. 3:06-CV-0612-L, 2006 WL 2795540 (N.D. Tex. Sept. 27, 2006). Plaintiff sought the same amount of damages in *Ajuluchuku v. Yum! Brand, Inc.*, No. Civ.A. 3:05CV826-H, 2006 WL 1523218 (W.D. Ky. May 23, 2006). In *Yum! Brand*, Plaintiff alleged a disability she suffered when she "fell down a flight of stairs, I injured my brain in the process. My head was split into two parts. As a consequence, I lack motor skills. Playing the piano at the age of four rewired my brain and accorded me minimal motor skills. Seizures and fainting spells are symptoms of my disability." 2006 WL 1523218, at *1, n.3. The same allegation appears in the proposed complaint in this court. Complaint, p. 9, ¶ 2; *see also id.*, p. 3, ¶ 2 *and* p. 5, ¶ 20.

In addition to these observations, the court notes that Plaintiff has been found to have filed 192 civil lawsuits in less than three years in the United States federal district courts. *See Yum! Brand*, 2006 WL 1523218, at *1, n.4; *see also Wachovia Corp.*, 2006 WL 2795540, at *1 (noting that Plaintiff "has filed nearly 200 lawsuits in various federal courts across the country"). The federal district court in Georgia northern has done an extensive review of Plaintiff's filings, noting that district courts in Massachusetts, Maryland, and Washington have instituted pre-filing screening restrictions against Plaintiff, which she has attempted to circumvent by filing lawsuits in Arizona, California, the District of Columbia, Florida, Illinois, Ohio, Nevada, New York, North Carolina, Rhode Island, South Carolina, Tennessee, Utah, and Virginia, as well as in Georgia (32 lawsuits in Georgia northern alone, having nothing to do

2

with conduct occurring in Georgia, much like this proposed complaint under consideration here). See *Ajuluchuku v. Southern New England School of Law*, No. 1:05-mi-251, Order etc., Nov. 14, 2005. Last of all, Plaintiff is the subject of an order in Texan northern which bars her from filing any lawsuit until a monetary sanction is paid, see *Wachovia Corp.*, 2006 WL 2795540, at *1, and this court has determined that, as of January 11, 2007, that monetary sanction has not been filed.

Finally, although this is the first apparent filing of a lawsuit by Plaintiff in *this* district, Plaintiff has proven to be a vexatious litigant in numerous other federal district courts, and she has clearly abused the court system time and time again. A vexatious litigant such as Plaintiff here is not entitled to "one free bite" in every federal district court in the country. That is, given the egregious conduct that Plaintiff has demonstrated in other district courts, this court is entitled to rely on them in denying Plaintiff's application to proceed in forma pauperis on her first go-round in this court. *See, e.g., Lundahl v. Kunze*, No. CV-05-128-E-BLW, 2005 WL 1353811, at *1 n.2 (D. Idaho May 3, 2005) (stating that the court did not intend to grant in forma pauperis status to the plaintiff and that "[a]lthough this case represents [Plaintiff's] first filing in the District of Idaho, her filing history in other courts is a matter of public record and shows that she is a vexatious litigant").

**Given these circumstances, Plaintiff must appear before this court in Durham in the United States Post Office Building located at 323 E. Chapel Hill Street, 2d Floor Courtroom at 9:30 o'clock AM, Wednesday, February 21, 2007, and show cause why her IFP application should not be denied, in part**

**because she is a vexatious litigator. Plaintiff is cautioned that her failure to appear will result in this application being denied and her complaint being dismissed**.

_____
Wallace W. Dixon
United States Magistrate Judge

February 14, 2007